IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Cr. No. 06-305 (JDB) |
| : | |
| **NJOCK EYONG,** : | |
| : | |
| **Defendant.** : | |

**MOTION TO DISMISS COUNTS**

Defendant, NJOCK EYONG, respectfully requests, pursuant to Fed.R. Crim.P. 12(a)(3)(B), that the court dismiss Counts Four and Six of the indictment because they fail to state an offense. This motion is based on the facts and memorandum of law set forth below.

The court has not yet set a motions or trial date in the case. A status date is set for December 13, at 9:15 a.m. Defendant expects that the investigation of the case will take a substantial amount of time because several witnesses are located overseas. This motion, though, involves solely a legal issue, and is not dependant on further investigation. Thus, defendant is filing this motion early to start excludable time under the Speedy Trial Act, and defendant is not seeking a resolution of this motion, or even a response by the government, on December 13.[1] Defendant expects to file a number of other motions.

---

[1] This does not mean to imply that the motion is less than meritorious -- in fact, just the opposite is true, the motion is clearly correct.

## FACTS

Defendant is charged in a nine-count indictment with several different offenses. The charges allege that the events underlying the counts took place in 2003, when defendant was an intern in the office of Congressman Donald Payne. Counts Four, Five, and Six of the indictment all charge violation of 18 U.S.C. § 1546(a):

### COUNT FOUR

Between on or about May 1, 2003, to on or about May 13, 2003, within the District of Columbia, the defendant, NJOCK EYONG, and a person whose identity is known to the Grand Jury, did knowingly attempt to obtain documents prescribed by statute or regulation for entry into the United States, that is, a United States visa, knowing that it would be procured by means of false claim or statement, or to be otherwise procured by fraud.

**(Possession of Fraudulent Documents Prescribed for Entry into the United States and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1546(a) and 2).

### COUNT FIVE

Between on or about August 19, 2003, to on or about October 2, 2003, within the District of Columbia, the defendant, NJOCK EYONG, and a person known to the Grand Jury, did knowingly obtain documents prescribed by statute or regulation for entry into the United States, that is, a United States visa, knowing that it would be procured by means of false claim or statement, or to be otherwise procured by fraud.

**(Possession of Fraudulent Documents Prescribed for Entry into the United States and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1546(a) and 2).

### COUNT SIX

Between on or about August 19, 2003, to on or about September 17, 2003, within the District of Columbia, the defendant, NJOCK EYONG, and persons known to the Grand Jury, did knowingly attempt to obtain documents prescribed by statute or regulation for entry into the United States, that is, United States visas, knowing that they would be procured by means of

false claim or statement, or to be otherwise procured by fraud.

**(Possession of Fraudulent Documents Prescribed for Entry into the United States and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 1546(a) and 2).

The remaining counts in the indictment, which are not involved in this motion, charge false personation of a Congressman, 18 U.S.C. § 912, and wire fraud, 18 U.S.C. § 1343.

## DISCUSSION

The statute under which defendant is charged, § 1546(a), provides, in pertinent part:

**Fraud and misuse of visas, permits, and other documents**

**(a)** Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained.

Under the statute, Counts Four and Six of the indictment fail to state an offense.

The two counts charge defendant with attempting to obtain documents, in contrast to Count Five, which charges defendant with actually obtaining documents. However,

> There is no general federal "attempt" statute. A defendant therefore can only be found guilty of an attempt to commit a federal offense if the statute defining the offense also expressly proscribes an attempt.

United States v. Hopkins, 703 F.2d 1102, 1104 (9th Cir. 1983). "[F]ederal criminal statutes contain no general attempt provision," so "[a]n attempt to commit a federal crime is punishable

only where the section defining the crime specifically includes an attempt within its proscription." United States v. Padilla, 374 F.2d 782, 787 n.7 (2nd Cir. 1967). "There is no general federal statute proscribing attempt, and it is therefore actionable only where . . . a specific criminal statute makes impermissible its attempted as well as actual violation." United States v. Manley, 632 F.2d 978, 987 (2d Cir. 1980).

In the present case, § 1546(a) criminalizes only "attempts to use" documents (emphasis added). It does not criminalize an attempt to obtain such a document.[2] Thus, Counts Four and Six must be dismissed, because they fail to state an offense.

## CONCLUSION

For the above reasons, defendant respectfully requests that the court grant the motion to dismiss Counts Four and Six of the indictment.

Respectfully submitted,

/s/

A.J. KRAMER
FEDERAL PUBLIC DEFENDER
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208-7500

---

[2] In fact, the statute likewise does not proscribe attempts to utter, possess, accept, or receive documents. It is only an attempt to use documents that is a crime.

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | : Cr. No. 06-305 (JDB) |
| | : |
| **NJOCK EYONG,** | : |
| | : |
| **Defendant.** | : |

## ORDER

The defendant's motion to dismiss Counts Four and Six of the indictment, on the basis that they do not state an offense, is granted.

DATED:

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE