UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NJOCK EYONG,<br><br>Defendant. | Criminal No.  06-305 (JDB) |

ORDER

Pending before the Court are [17] defendant Njock Eyong's motion to take foreign depositions pursuant to Fed. R. Crim. P. 15, and [16] the United States's motion in limine to introduce at the trial in this matter "other acts" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.  At a motions hearing held on May 29, 2007, the Court heard argument from counsel for both parties, made a number of observations, and indicated that it was inclined to grant defendant's motion and defer ruling on the United States's motion.  For the reasons given at the motions hearing and summarized briefly below, the Court will now **GRANT** defendant's Rule 15 motion and **DEFER** ruling on the United States's motion in limine.

Under Rule 15 of the Federal Rules of Criminal Procedure, the proponent of the deposition "bears the burden of demonstrating that 'exceptional circumstances' necessitate the preservation of testimony through a deposition."  United States v. Kelley, 36 F.3d 1118, 1124 (D.C. Cir. 1994). To satisfy this burden, defendant here must (1) establish that the testimony sought is material, (2) prove that the witnesses are unavailable to testify at trial, and (3) make "some showing, beyond 'unsubstantiated speculation,' that the evidence exculpates" him.  Id. at 1125 (citation omitted).  The United States does not dispute that the three witnesses who Eyong seeks to depose -- Oben Tabi Eyong, Valery Donfack, and Thompson Ndip -- are unavailable.  Nor does the

government appear to contest that defendant has met his burden on the other two prongs of the Kelley test with respect to the depositions of Oben Eyong and Donfack. What separates the parties are simply disagreements, in some instances substantial ones, as to the logistics of taking those two depositions. As the Court explained during the motions hearing, these logistical difficulties can be resolved by experienced counsel through careful consultation, and do not constitute a basis for denying defendant's otherwise valid Rule 15 motion.

      Defendant has likewise met his burden with respect to the deposition of Thompson Ndip. Thompson is unavailable to testify at trial, and his testimony is material to at least some of the counts charged and potentially exculpatory in so far as it implicates a third party -- Thompson's deceased brother Stephen -- as the person primarily responsible for the conduct charged in the superseding indictment. The United States argues that Thompson's deposition testimony need not be preserved because it will not be admissible at trial in any event. In so contending, the government makes a strong case that Thompson's testimony regarding a conversation in which Stephen allegedly inculpated himself would be inadmissible because it does not qualify as a statement against penal interest and, even if it does so qualify, has not been bolstered by sufficient corroboration. See Fed. R. Evid. 804(b)(3). The Court may well reach that conclusion after considering the content of Thompson's testimony, the particular circumstances surrounding that testimony, and the circumstances surrounding Stephen's alleged statement. But the text and structure of Rule 15, as well as judicial opinions interpreting the rule, distinguish between the availability of a deposition and the eventual admissibility of the deposition testimony at trial. See Fed. R. Crim. P. 15; Advisory Committee Notes, 2002 Amendments. As the First Circuit put it, "[w]hen the question is close a court may allow a deposition in order to preserve a witness'

testimony, leaving until trial the question of whether the deposition will be admitted as evidence." United States v. Mann, 590 F.2d 361, 366 (1st Cir. 1978); accord United States v. Drogoul, 1 F.3d 1546, 1555 (11th Cir. 1993); United States v. Salim, 855 F.2d 944, 952 (2d Cir. 1988). The Court will follow that course here, permitting defendant to depose Thompson Ndip and deferring for the moment the substantial questions as to the admissibility of some or all of his deposition testimony.

Resolution of the United States's motion to introduce "other acts" evidence pursuant to Fed. R. Evid. 404(b) will likewise be deferred. Counsel for the government indicated in her supporting memoranda and at the motions hearing that the United States intends to introduce approximately twelve (12) affidavits filed by defendant in different immigration cases, along with other paperwork from the corresponding case files, and one draft affidavit as well. With respect to these materials, the Court expressed concern that the government's attempt to satisfy the three-part inquiry required by United States v. Bowie, 232 F.2d 923, 930 (D.C. Cir. 2000), would result in mini-trials and/or protracted litigation over immigration-related matters wholly distinct from the three substantive offenses charged in the indictment. And while the government insists that the inconsistencies that will allegedly demonstrate defendant's state of mind (to wit, his familiarity with and knowledge of the immigration system) are evident from the face of the documents, the Court has not reviewed the documents, and defendant forcefully contends that more evidence will be needed to establish admissibility. Nor has the Court been able to make the related assessment of how defendant will likely respond to this evidence, and whether such a response would result in further delay and juror confusion. The latter concerns, of course, are central to the inquiry that would have to be conducted under Rule 403 of the Federal Rules of Evidence were the Court to

decide that the materials are admissible as "other acts" evidence under Rule 404(b). See Fed. R. Evid. 403 (giving courts discretion to exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). On the limited record before it, the Court is not in a position to make the fact-intensive determinations regarding the affidavits' admissibility that Rules 404(b) and 403 require.

The United States also seeks to introduce at trial an immigration judge's recent finding that defendant was not a credible witness and that judge's opinion that defendant perjured himself in one or more immigration proceedings. There is once again a substantial question as to the admissibility of the proffered evidence. For one thing, defendant correctly points out that various courts of appeals have held that judicial findings of fact constitute hearsay and are inadmissible to prove the truth of those findings unless an exception to the hearsay bar applies. See United States v. Sine, 483 F.3d 990, __, 2007 WL 1247043, at *12 (9th Cir. May 1, 2007) (joining the Fourth, Tenth, and Eleventh Circuits in holding "that judicial findings of facts are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists"). Counsel for the United States suggested that the immigration judge's factual finding (and ostensibly the accompanying opinion) might fall under one of the hearsay exceptions enumerated in Fed. R. Evid. 803. But even if that is so -- and the Court doubts that it is, see Sine, 483 F.3d at __, 2007 WL 1247043, at *12 & n.16 -- the United States has done little so far to address the concern that presentation of a judicial officer's credibility assessment would unduly influence the jury and therefore unfairly prejudice defendant. The Court therefore reaffirms its strong concern that the immigration judge's finding and opinion, even if admissible under Rule 404(b) and an exception to the hearsay bar,

might nonetheless be subject to exclusion under Rule 403. Again, however, the absence of a more complete evidentiary record on which to base the Rule 404(b) and Rule 403 assessments counsels against definitive resolution of the United States's motion at this time, and confirms the Court's decision to defer such resolution until immediately before, or during, the trial in this matter.

For all of these reasons, as well as those explained in open court at the motions hearing, it is this 30th day of May, 2007, hereby

**ORDERED** that [17] defendant's motion to take the depositions of Oben Tabi Eyong, Valery Donfack, and Thompson Ndip pursuant to Rule 15 of the Federal Rules of Criminal Procedure is **GRANTED**; it is further

**ORDERED** that resolution of [16] the United States's motion in limine to introduce pursuant to Fed. R. Evid. 404(b) the twelve (12) affidavits and other materials, as well as the immigration judge's credibility determination, is **DEFERRED** pending development of an evidentiary record sufficient for the Court to assess whether the United States has met its burden under United States v. Bowie, 232 F.2d 923, 930 (D.C. Cir. 2000), and, if so, whether any or all of the proffered evidence is nonetheless inadmissible under Fed. R. Evid. 403; and it is further

**ORDERED** that a Status Conference will be held on July 27, 2007 at 9:00 a.m.

**SO ORDERED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Date:   May 30, 2007