

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

06-305 (JDB)

July 2, 2007    **FILED**

**JUL 0 5 2007**

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

A.J. Kramer, Esquire
Michelle Peterson, Esquire
Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004

Dear Counsel:

Re:  <u>United States</u> v. <u>Njock Eyong</u>

This letter sets forth the full and complete plea offer to
your client, Njock Eyong, from the Criminal Division of the
Office of the U.S. Attorney for the District of Columbia
(hereafter also referred to as "the Government" or "this
Office").  This plea offer will expire on July 5, 2007.  If your
client accepts the terms and conditions of this offer, please
have him execute this document in the space provided below.  Upon
receipt of the executed document, this letter will become the
Plea Agreement.  The terms of the offer are as follows:

**<u>Charges and Statutory Penalties</u>**

1.  Your client agrees to plead guilty to Counts 1 and 3 of
the Indictment (violations of 18 U.S.C. §912), and Count 5 (a
violation of 18 U.S.C. §1546(a)).  In return, the government
agrees to dismiss, at sentencing, Counts 2, 4, and 6 through 9,
and agrees that it will not bring any additional charges against
your client in connection with the eleven individuals named in
the letters that are the subject of Counts 1 through 3 and the
defendant's attempts both to provide them with documents for
entry into the United States and with assistance in gaining
permission to remain in the United States.  Your client agrees
that with respect to any and all dismissed charges your client is
not a "prevailing party" within the meaning of the "Hyde

-2-

Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

2. Your client understands that pursuant to 18 U.S.C. §§ 912, 3559(a)(2)(4), 3571 (b)(3), and 3582(b)(2), the crime of pretending to be an official or employee, acting under the authority of the United States, carries a maximum penalty of three (3) years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of three years. He also understands that pursuant to 18 U.S.C. §1546(a), the crime of visa fraud carries a maximum prison term of five (5) years, a fine of up to $250,000, or both, and a maximum period of supervised release of three years. In addition, your client agrees that he will have to pay a special assessment of $100 per count, to the Clerk of the United States District Court, prior to the date of sentencing. *See* 18 U.S.C. §3013. He understands that the sentence in this case will be determined by the Court, guided by the factors listed in 18 U.S.C. §3553(a) and after consulting with and taking into account, the United States Sentencing Guidelines.

### Factual Stipulations

3. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

4. Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006 edition) (hereafter referred to as "USSG"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following: that the impersonation of Congressman Payne was committed to facilitate visa fraud, involving the three (3) documents.

### Offense Level under the Guidelines

5. Your client and this Office agree that a sentence within the sentencing range determined pursuant to the USSG is a

reasonable sentence for defendant Eyong, in this case, and neither party will argue for a sentence outside that range. The parties agree that guideline sections 2J1.4 and 2L2.1 are applicable to the offense to which your client is pleading guilty, which sections set a base offense level of 11. The parties agree for purposes of this plea agreement, that the offense was committed other than for profit, which results in a decrease of 3 levels, pursuant to §2L2.1(b)(1), and that the parties will not argue that the offense involved more than the three letters that the defendant personally forged, that is, the letters on Congressional stationery with the Congressman's facsimile signature. For purposes of this plea, therefore, the government agrees not to argue that the offense involved six or more documents, under §2L2.1(b)(2)(A). Accordingly, the parties agree that the defendant's adjusted offense level is 8.

Your client fully and completely understands that the final determination of his sentence will be made by the Court, which must consult with and take into account the USSG but is not bound by them. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the calculations set forth herein will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that he will not be allowed to withdraw the guilty plea entered pursuant to this agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

### Acceptance of Responsibility: 2-point reduction

6.   Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to USSG § 3E1.1(a).

### Guideline Departures

7.   The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines Range  is warranted.  Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein.   Nor will either party suggest that the Court consider such a departure or adjustment.

-4-

## Agreement as to Sentencing Allocution

8.  The parties further agree that a sentence within the applicable Guidelines range established by the USSG, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. §3553(a).  In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range.  Nothing in this Agreement limits the right of the parties to argue where within the Sentencing Guidelines range the Defendant should be sentenced.

## Court Not Bound by the Plea Agreement

9.  It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues.  In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. §3553(a), the parties reserve the right to answer any related inquiries from the Court.

## Court Not Bound by the Non-Mandatory Sentencing Guidelines

10.  It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range.  The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

## Removal from the United States

11.  Your client consents to the termination of his asylum status, agrees to demonstrate his surrender of asylum status in writing, and agrees to surrender his Refugee Travel Documents. Your client further agrees that the Court may enter a stipulated

-5-

judicial order of removal, pursuant to 8 U.S.C. § 1228(c).  Your
client specifically waives his right to notice and a hearing
under the Immigration and Nationality Act and stipulates to the
entry of a judicial order of removal from the United States as a
condition of the plea agreement and as a condition of probation
or supervised release.

     Your client understands, in any event, that his plea or
conviction in this case may result in termination of his asylum
status and initiation of removal/deportation proceedings.  Should
such proceedings be initiated, your client understands and agrees
that his filing of any applications for relief from the
termination of asylum status, removal, deportation, or exclusion,
either written or oral, or the prosecution of any pending
applications by him, before any federal court, the Board of
Immigration Appeals, an immigration judge, or U.S. Immigration
and Customs Enforcement, shall breach this Plea Agreement.

     The government agrees, however, that the Court may stay the
execution of the removal order for a thirty (30) day period
following the entry of judgment in this case (or following the
defendant's release from any period of custody that the Court may
impose, whichever is later), during which time the defendant may
voluntarily depart the United States.  Your client understands
that it is his responsibility alone, to arrange for his travel,
as well as his entry into and residence in another country.  He
further understands that his inability to make these arrangements
will not delay the execution of the removal order after the 30-
day period set forth herein.

### Release/Detention

     12.  Your client acknowledges that while the Government will
not seek a change in his release conditions pending sentencing,
the final decision regarding your client's  bond status or
detention will be made by the Court at the time of your client's
plea of guilty.  Should your client engage in further criminal
conduct prior to sentencing, however, the Government may move to
change your client's conditions of release.

### Breach of Agreement

     13.  Your client understands and agrees that if, after
entering this Plea Agreement, your client fails specifically to
perform or to fulfill completely each and every one of your
client's obligations under this Plea Agreement, or engages in any
criminal activity prior to sentencing, your client will have
breached this Plea Agreement.  In the event of such a breach:

(a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

14. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

15. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

16. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

## Waiver of Statute of Limitations

17. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the

-7-

date of the signing of this Agreement (including any counts that
the Government has agreed not to prosecute or to dismiss at
sentencing pursuant to this Agreement) may be commenced or
reinstated against your client, notwithstanding the expiration of
the statute of limitations between the signing of this Agreement
and the commencement or reinstatement of such prosecution.  It is
the intent of this Agreement to waive all defenses based on the
statute of limitations with respect to any prosecution that is
not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

18.  By entering this plea of guilty, your client waives any
and all right your client may have, pursuant to 18 U.S.C. §3600,
to require DNA testing of any physical evidence in the possession
of the Government.  Your client fully understands that, as a
result of this waiver, any physical evidence in this case will
not be preserved by the Government and will therefore not be
available for DNA testing in the future.

### Complete Agreement

19.  No other agreements, promises, understandings, or
representations have been made by the parties or their counsel
than those contained in writing herein, nor will any such
agreements, promises, understandings, or representations be made
unless committed to writing and signed by your client, defense
counsel, and an Assistant United States Attorney for the District
of Columbia.

20.  Your client further understands that this Agreement is
binding only upon the Criminal and Superior Court Divisions of
the United States Attorney's Office for the District of Columbia.
This Agreement does not bind the Civil Division of this Office or
any other United States Attorney's Office, nor does it bind any
other state, local, or federal prosecutor.  It also does not bar
or compromise any civil, tax, or administrative claim pending or
that may be made against your client.

21.  If the foregoing terms and conditions are satisfactory,
your client may so indicate by signing the Agreement in the space

-8-

indicated below and returning the original to me once it has been
signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: Barbara E. Kittay
Assistant U.S. Attorney

-9-

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, A.J. Kramer and Michelle Peterson. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 07/5/2007        _____
                          Njock Eyong
                          Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 7.5.07        _____
                          A.J. Kramer, Esquire
                          Michelle Peterson, Esquire
                          Attorneys for the Defendant