IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 06-305 (JDB) |
| | : | |
| v. | : | |
| | : | **FILED** |
| NJOCK A. EYONG, | : | JUL 0 5 2007 |
| Defendant. | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |
| | : | |

**FACTUAL PROFFER
IN SUPPORT OF GUILTY PLEA**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this statement of facts supporting the defendant's guilty plea, to which the government and the defendant, NJOCK A. EYONG, by and through counsel, do hereby stipulate:

1. From about May 2003 to about October 2003, defendant EYONG was an intern for United States Congressman Donald Payne at his office in the Rayburn House Office Building in Washington, D.C.

2. As an intern for U.S. Congressman Donald Payne, defendant EYONG's responsibilities were, among others, to assist in mailing letters, filing correspondences, and performing various tasks directed by more senior staff members. At no time was defendant EYONG authorized to draft letters on behalf of the Congressman other than at the direction and approval of senior staff.

3. From about May, 2003 through about October 2003, defendant EYONG engaged in fraudulent successful and unsuccessful attempts to

-2-

procure the issuance of U.S. visas overseas, as set forth below. All were under false pretenses, in that they purported to be under the authority of Congressman Payne, while the defendant unlawfully used his position as an intern for Congressman Payne.

4. On or about August 26, 2003, defendant EYONG sent, via facsimile, a letter to the U.S. Consulate in Frankfurt, Germany purportedly from Congressman Payne. The letter invited Francis Valery Donfack, a citizen of Cameroon, to the United States, purportedly to attend the annual meeting of the Congressional Black Caucus Foundation (CBC). Among other false claims, the letter (addressed to Donfack) indicated that "your travel, room and board and other miscellaneous expenses would be paid for by the Congressional Black Caucus."

5. Neither Congressman Payne nor any member of his staff authorized defendant EYONG to invite Donfack or anyone else to the conference or the United States, did not authorize him to draft or fax the letter, and they did not have any interest in having a visa issued. In addition (and as admitted by the defendant in a statement to an agent from the Diplomatic Security Service), there was no money to pay for any visitors, in any event.

6. On September 17, 2003, at 9:29 am, defendant EYONG placed a call from Congressman Payne's office to Mr. Donfack, the same day that officials of the U.S. Embassy -- believing that Congressman Payne had invited Donfack to attend the conference -- issued to

Donfack a visa to travel to the United States. Upon entry into the United States, Donfack spent at least one night at the residence of defendant EYONG.

7. On or about September 10, 2003 and September 17, 2003, defendant EYONG faxed letters to the U.S. Embassy in Cameroon purportedly from Congressman Donald Payne, falsely inviting nine Cameroonian nationals to the United States for the conference of the Congressional Black Caucus and requesting visa applications. As before, this letter also stated that all expenses would be borne by the Congressional Black Caucus Foundation.

8. Neither Congressman Payne nor any member of his staff authorized defendant Eyong to invite these individuals to the United States or to the conference, to draft or fax any letters, and they did not have any interest in having visas issued.

9. The defendant was informed that when six of these individuals appeared at the Embassy in Cameroon, on September 17, 2003, they were not granted the U.S. visas. Defendant EYONG then personally called the U.S. Embassy and told consular authorities that he worked for Congressman Payne, and implied that the Congressman had requested that the visas be issued for these applicants. The consular officials refused.

10. On May 6 and May 9, 2003, defendant EYONG sent two facsimiles to the U.S. Embassy in Berlin, in support of a visa application for an individual named "Oben Tabi Eyong." The facsimiles were of letters purportedly signed by Congressman Payne

-4-

requesting that a visa be issued.

11. Neither Congressman Payne nor any member of his staff authorized defendant EYONG to invite "Oben Tabi Eyong" to the United States, or to draft or fax the letter, and they did not have any interest in having a visa issued to him.

12. The defendant conceived of the scheme to use the Congressman's stationery and signature stamp, as well as the occasion of the meeting of the Congressional Black Caucus Foundation, as a means of illegally obtaining visas for all of the individuals described above. Although he asserts that an individual named Stephen Ndip was also involved in the fraud and altered the letters that were sent, he admits that the false personation of Congressman Payne, including the creation of the letters, the faxes and phone calls to the three embassies, and the fraudulent attempts to obtain visas for all eleven (11) individuals, were all done by him (defendant EYONG) personally.

_____
Barbara E. Kittay
Assistant United States Attorney
D.C. Bar No. 414216
Precious Murchison
Assistant United States Attorney
Member of the Maryland Bar
Federal Major Crimes Section
555 4th Street, N.W., Room 4846
Washington, D.C.  20530
(202) 514-6940
Barbara.Kittay @usdoj.gov
Precious.Murchison @usdoj.gov

-5-

### Defendant's Acceptance

I have read this Factual Proffer in Support of Guilty Plea and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this Factual Proffer and all matters relating to it. I fully understand this Factual Proffer and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Factual Proffer fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

__07/5/2007__  
Date

_____  
Njock A. Eyong

### Defense Counsel's Acknowledgment

I am Njock Eyong's attorney. I have reviewed every part of this Factual Proffer in Support of Guilty Plea with him. It accurately and completely sets forth the Factual Proffer agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

__7.5.07__  
Date

_____  
A.J. Kramer, Esquire  
Michelle Peterson, Esquire